## THE ANDREWS ASPHALT PAVING CO. *v.* THE CITY OF MIDDLETOWN.

*Court of appeals — Jurisdiction on appeal — Accounting of trust funds.— Income from money retained by municipality for performance of contract — Failure of clerk to deliver transcript — Section 12236, General Code — Right to appeal unaffected, when.*

1. A city having retained as a guaranty under the terms of a contract certain money due a contractor for the payment of contract work, an action by the contractor demanding an accounting of the earnings and income derived from the use of the money so retained, claiming the money was held in trust and used by the city and an income derived therefrom, is an action based upon an accounting for the use of trust funds and is cognizable in a court of equity and appealable as a chancery case.

2. The fact that the clerk of the court of common pleas fails to deliver the transcripts and records of a cause at the office of the clerk of the court of appeals by the first day of the next term, as provided by Section 12236, General Code, will not deprive the appellant of his right to appeal.

(Decided May 23, 1921.)

APPEAL: Court of Appeals for Butler county.

ON MOTION to dismiss appeal.

*Messrs. Andrews & Andrews,* for plaintiff.
*Mr. G. W. A. Wilmer,* for defendant.

HAMILTON, P. J.   The plaintiff moves to dismiss the appeal on the ground that appeal was not perfected within the time required by law, that the case was not docketed or filed in this court within the time provided by law, that the court has no jurisdiction to try the cause on appeal, and that the cause is not appealable to this court.

The action grows out of the retention by the city of Middletown as a guaranty under the terms of a contract of certain sums of money due in payment of contract work.

The claim is that the money was held in trust for the purpose above stated and was used by the city and an income derived therefrom by the city, and the action is for an accounting of the earnings and the income derived from the use of the money.

The action is based upon an accounting for the use of the trust funds and was properly cognizant in a court of equity.   The cause is appealable as a chancery case.   (Section 6, Article IV of the Constitution of Ohio, 1912.)   Notice of the intention to appeal was properly given and the appeal bond was filed within the time prescribed by law.   This was all the law enjoined upon the city.   Its appeal was perfected.   Section 12236, General Code, provides:

"Forthwith, upon the perfecting of an appeal, the clerk of the common pleas court shall make a true transcript of docket and journal entries, including the final judgment in the cause, which, with the original pleadings and other papers he shall deliver at the office of the clerk of the court of appeals not later than the first day of its next term thereafter.

At his own costs, either party may require a full record of the case in the court below, to be made."

It appears that the clerk of the court of common pleas failed to deliver to the office of the clerk of the court of appeals the transcript and journal entries, including the final judgment in the case, with the original pleadings and other papers, prior to the first day of the next term of court, but delivered the same one day after the first day of the next term of the court of appeals. For this failure on the part of the clerk, we are asked to dismiss the appeal.

This question has been squarely before the court in two cases, *Hirsh* v. *Kilsheimer*, 12 C. C., 291, and *Broerman* v. *Townsend*, 6 W. L. B., 722. In *Hirsh* v. *Kilsheimer*, the court says:

"Where the clerk files the paper several days after the expiration of the thirty days [which was then under the statute the time limit], his failure in this regard cannot prejudice the appellant."

And in the case of *Broerman* v. *Townsend*, the court held that an appeal to the district court would not be dismissed because of the neglect of the clerk of the court of common pleas to file the transcript within the time fixed by law.

We are content with this view of the law, and will sustain the appeal.

*Motion to dismiss appeal overruled.*

CUSHING and BUCHWALTER, JJ., concur.